67 F.3d 308
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SESCO, INC., Petitioner,
v.
BONNEVILLE POWER ADMINISTRATION, Respondent.
 No. 93-70878.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1995.
Decided Aug. 29, 1995.
 
 1
 Before: CANBY and REINHARDT, Circuit Judges and LEGGE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The parties are familiar with the facts of the case; we will not recite them here. SESCO, Inc., petitions for review of the Bonneville Power Administration's decision to terminate negotiations on its proposals to provide energy conservation resources. We deny SESCO's petition.
 
 
 4
 Pursuant to the Administrative Procedure Act, agency decisions may be set aside only if "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. Sec. 706(2)(A); Northwest Motorcycle Ass'n. v. USDA, 18 F.3d 1468, 1471 (9th Cir.1994). Under this standard, we will not disturb an agency action if we find a rational connection between the facts found and the choice made. Natural Resources Defense Council, Inc. v. EPA, 966 F.2d 1292, 1297 (9th Cir.1992). Section 6 of the Northwest Power Act authorizes Bonneville to acquire conservation resources that are consistent with the Plan of the Pacific Northwest Electric Power and Conservation Planning Council. 16 U.S.C. Sec. 839d(a)(1). Section 4 of the Act requires the Council Plan to give priority to conservation measures that the Council determines to be cost-effective. 16 U.S.C. Sec. 839b(e)(1). Bonneville acts in accordance with these statutory directives when it insists that vendors with whom it negotiates incorporate these goals in their proposals. Bonneville had determined that SESCO's positions on the three or four key points in the negotiations fundamentally conflicted with Bonneville's aims of providing cost-effective energy savings resources and establishing verifiable savings from those resources. Thus the decision to condition further negotiations upon SESCO's unequivocal concurrence in Bonneville's version of the key terms was appropriate and rational.
 
 
 5
 Because we have determined that Bonneville's negotiating position was permissible, this case then turns on whether Bonneville rationally concluded that SESCO's letter of January 19, 1993, was not an unequivocal agreement to the key terms. We find that Bonneville's conclusion was rational.
 
 
 6
 It is true that the January 19 letter restated each of the three terms as formulated by Bonneville in its earlier "ultimatum" letter, and followed each with some version of the phrase, "we agree with this requirement." SESCO, however, included several additional statements that Bonneville might reasonably have understood to make SESCO's agreement conditional. Most damning for SESCO was language in the final paragraph of its letter stating that its agreement to the key terms might be conditioned upon Bonneville's agreement to reopen terminated negotiations on the other nine proposals.[1] From this statement alone, Bonneville could have concluded rationally that SESCO did not unequivocally agree to its key terms. We therefore will not disturb Bonneville's decision to terminate negotiation on the proposal.
 
 
 7
 SESCO also alleges that Bonneville terminated negotiations to protect its own in-house conservation program from competition, and that this self-interest on Bonneville's part merits a less deferential review by the panel. SESCO argues that its own proposals would have vastly outperformed Bonneville's program, resulting in massive savings for the agency and the rate payers, and therefore Bonneville's decision not to accept these proposals was itself irrational.
 
 
 8
 SESCO failed to provide reliable bases for calculating actual savings as a result of its proposed improvements. That failure, which was a principal reason for Bonneville's decision to terminate negotiations, also renders any comparison of SESCO's proposed programs to Bonneville's own operations utter speculation. SESCO cannot base a challenge to Bonneville's actions on unsubstantiated and hypothetical savings figures.
 
 
 9
 In any case, SESCO's charges of self-interest are irrelevant to Bonneville's rational determination that negotiations with SESCO would not yield the results mandated by the Northwest Power Act and the 1990 Resource Program. Even under a heightened level of scrutiny, Bonneville's decision to terminate negotiations with SESCO would stand.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The Honorable Charles A. Legge, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 "[W]e are especially pleased that you have confirmed that the 'other issues remain open to negotiation.' We have taken this to mean that the ten proposals are available for negotiation. If this is not the case, please let us know immediately, as this may change our position on the three stated [key] requirements." SESCO letter of January 19, 1993 to Bonneville, p. 10